**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| WILLIAM CAROL CLARKE, | |
| Plaintiff, | |
| vs. | |
| RACHEL MADDOW, Media, | Case No. 1:22-cv-00007-RRB |
| MIKA BRZEZINSKI, Media, | Case No. 1:22-cv-00008-RRB |
| AINSLEY EARHARDT, Media, | Case No. 1:22-cv-00009-RRB |
| SANDRA SMITH, Media, | Case No. 1:22-cv-00010-RRB |
| MARTHA MACCALLUM, Media, | Case No. 1:22-cv-00011-RRB |
| SHANNON BREAM, Media, | Case No. 1:22-cv-00012-RRB |
| JULIE BANDERAS, Media, | Case No. 1:22-cv-00013-RRB |
| HARRIS FAULKNER, Media, | Case No. 1:22-cv-00014-RRB |
| CATHERINE PAVLICH, Media, | Case No. 1:22-cv-00015-RRB |
| RYAN TANSEY, US Prosecutor; TIM COOK, Apple Inc. Board CEO; AMY SITAEL, CNN Board of Directors; and CNBC, Corporation, | Case No. 1:22-cv-00016-RRB |
| WOLF BLITZER, Media, | Case No. 1:22-cv-00017-RRB |
| ANA CABRERA, Media, | Case No. 1:22-cv-00018-RRB |
| RACHEL MADDOW, Media, | Case No. 1:22-cv-00019-RRB |
| NPR, Corporation, | Case No. 1:22-cv-00020-RRB |
| CNN INTERNATIONAL, Corporation, | Case No. 1:22-cv-00021-RRB |

| | |
|---|---|
| TWITTER, Corporation, | Case No. 1:22-cv-00022-RRB |
| CNBC, | Case No. 1:22-cv-00023-RRB |
| MSNBC, Corporation, | Case No. 1:22-cv-00024-RRB |
| FOX NEWS, Corporation, | Case No. 1:22-cv-00025-RRB |
| CNN, Corporation, | Case No. 1:22-cv-00026-RRB |
| APPLE INC., | Case No. 1:22-cv-00027-RRB |
| GRETCHEN WHITMER, Governor; DANA NESSEL, Attorney General; and MONIQUE COTTRELL, | Case No. 1:22-cv-00028-RRB |
| KATHY HOCHUL, Governor; LETITA JAMES, Attorney General; and COREY BOOKER, Senator, | Case No. 1:22-cv-00029-RRB |
| MELISSA LEE, | Case No. 1:22-cv-00030-RRB |
| MARIYA LOVISHCHUK, Executive Director, TGH; CHLOE PAPIER, Deputy Director; MICHAEL BLACKWELL; and RODNEY JACKSON, | Case No. 1:22-cv-00031-RRB |
| DOUG RATHER, | Case No. 1:22-cv-00032-RRB |
| MATHEW LEITHER, | Case No. 1:22-cv-00033-RRB |
| HANNA FYLPAA, | Case No. 1:22-cv-00034-RRB |
| JOHN BURSELL, | Case No. 1:22-cv-00035-RRB |
| MICHAEL DUNLEAVY, Governor; TREG TAYLOR, Attorney General; BETH WELDON, Mayor of Juneau; ED MERCER, Chief of Police; | Case No. 1:22-cv-00036-RRB |

CHRISTOPHER WRAY, Director of the FBI; MERRICK GARLAND, Attorney General United States; DICK DURBIN, Congressional Member; JEN PSAKI, White House Press Secretary; PETER MICCICHE, AK Legislature; DAVID EASTMAN, AK Legislature; CHRIS TUCK, Alaska Legislature; MIA COSTELLO, AK Legislature; LISA MURKOWSKI, Congress; DAN SULLIVAN, Congress; CHUCK SCHUMER, Congress; MITCH MCCONNELL, Congress; LINDSAY GRAHAM, Congress; NANCY PELOSI, Congress; ADAM SCHIFF, Congress; RICHARD BLUMENTHAL; SHEILA JACKSON LEE, Congress; LIZ CHENEY, Congress; CHRIS VANHOLLEN, Congress; AMY KLOBUCHAR, Congress,

CHRIS GIFFORD, Sergant,                    Case No. 1:22-cv-00037-RRB

MARIA GLADZISZEWSKI, City Assembly; CAROLE TRIEM, City Assembly; BARBRA BLAKE, City Assembly; ALICIA HUGHES-SKANDIJS, City Assembly; GREG SMITH, City Assembly; WADE BRYSON, City Assembly; MICHELLE BONNET HALE, City Assembly; CHRISTINE WOLL, City Assembly; KRAIG CAMPBELL, Lieutenant; ERANN KALWARA, Public Safety Manager; JENNIFER PASKOWSKI, Administrative Officer; and PATTI RUMFELT,

Case No. 1:22-cv-00038-RRB

GLORY HALL, Homeless Shelter,             Case No. 1:22-cv-00039-RRB

JIM QUINTO, Police Officer,

KEVIN MEYER, Lt. Governor; SHELLEY HUGHES, Senator; TOM BEGICH, Senator; CLICK BISHOP, Senator; ELVI GRAY-JACKSON, Senator; LYMAN HOFFMAN; Senator; ROGER HOLLAND, Senator; SCOTT KAWASAKI, Senator; JESSE KIEHL, Senator; ROBERT MEYERS, Senator; DONNY OLSON, Senator; BILL WIELE CHOWSKI, Senator; DAVIS WILSON, Senator; LOUISE STUTES, Representative; CATHY TILTON, Representative; BEN CARPENTER, Representative; MIKE CRONK, Rep.; HARRIET DRUMMOND, Rep.; BRYCE EDGMON, Rep; ZACK FIELDS, Rep.; Neal Foster, Rep.; RONALD GILLHAM, Rep.; SARA HANNAN, Rep.; GRIER HOPKINS, Rep.; DELENA JOHNSON, Rep.; KEN MCCARTY, Rep.; TOM MCKAY, Rep.; KELLY MERICK, Sen.; DAVID NELSON, Rep.; DAN ORTIZ, Rep.; JOSIAH PATKOTAK, Rep.; MIKE PRAX, Rep.; SARA RASSMUSSEN, Rep.; GEORGE RAUSCHER, Rep.; CALVIN SCHRAGE, Rep.; LADDIE SHAW, Rep.; LIZ SNYDER, Rep.; IVY SPOHNHOLZ, Rep.; ANDI STORY, Rep.; GERAN TARR, Rep.; STEVE THOMPSON, Rep.; SARAH VANCE, Rep.; and ADAM WOOL, Rep.,

Case No. 1:22-cv-00040-RRB

Case No. 1:22-cv-00041-RRB

MITT ROMNEY, Senator; TAMMY
BALDWIN; JOHN BARRASSO,
Senator; MICHAEL F. BENNET,
Senator; MARSHA BLACKBURN,
Senator; RICHARD BLUMENTHAL,
Senator; ROY BLUNT, Senator;
CORY A. BOOKER, Senator;
JOHN BOOZMAN, Senator; MIKE
BRAUN, Senator; SHERROD
BROWN, Senator; RICHARD
BURR, Senator; MARIA
CANTWELL, Senator; SHELLEY
MOOR CAPITO, Senator;
BENJAMIN L. CARDIN, Senator;
THOMAS R. CARPER, Senator;
ROBERT P. CASEY, JR., Senator;
BILL CASSIDY, Senator; SUSAN
COLLINS, Senator;
CHRISTOPHER A. COONS,
Senator; TIFFANY ZULKOSKY,
Representative; LORA REINBOLD;
JOSH REVAK; MIKE SHOWER;
BERT STEDMAN; GARY
STEVENS; NATASHA VON
IMHOF; ANDY JOSEPHSON;
JAMES KAUFMAN;
CHRISTOPHER KURKA; BARTON
LEBON; KEVIN MCCABE; JOHN
CORNYN, Senator; CATHERINE
CORTEZ MASTO, Senator; TOM
COTTON, Senator; KEVIN
CRAMER, Senator; MIKE CRAPO,
Senator; TED CRUZ, Senator;
STEVE DAINES, Senator; TAMMY
DUCKWORTH, Senator; RICHARD
J. DURBIN, Senator; JONI ERNST,
Senator; DIANE FEINSTEIN,
Senator; DEB FISCHER, Senator;
CHUCK GRASSLEY, Senator; BILL
HAGERTY, Senator; KRISTEN
GILLIBRAND, Senator; LINDSEY

Case No. 1:22-cv-00042-RRB

GRAHAM, Senator; MARGARET
WOOD HASSAN, Senator; JOSH
HAWLEY, Senator; MARTIN
HEINRICH, Senator; JOHN W.
HICKENLOOPER, Senator; MAZIE
K. HIRONO, Senator; JOHN HO
EVEN, Senator; CINDY HYDE-
SMITH, Senator; JAMES INHOFE,
Senator; RON JOHNSON, Senator;
TIM KAINE, Senator; MARK
KELLY, Senator; JOHN KENNEDY,
Senator; ANGUS S. KING, JR.,
Senator; AMY KLOBUCHAR,
Senator; JAMES LANKFORD,
Senator; PATRICK LEAHY,
Senator; MIKE LEE, Senator; BEN
RAY LUJAN, Senator; CYNTHIA M.
LUMMIS, Senator; JOE MANCHIN,
Senator; EDWARD J. MARKEY,
Senator; ROGER MARSHALL,
Senator; MITCH MCCONNELL,
Senator; ROBERT MENENDEZ,
Senator; JEFF MERKLEY, Senator;
JERRY MORAN, Senator; LISA
MURKOWSKI, Senator;
CHRISTOPHER MURPHY,
Senator; PATTY MURRAY,
Senator; JON OSSOFF, Senator;
ALEX PADILLA, Senator; RAND
PAUL, Senator; GARY C. PETERS,
Senator; ROB PORTMAN, Senator;
JACK REED, Senator; JAMES E.
RISCH, Senator; JACKY ROSEN,
Senator; MIKE ROUNDS, Senator;
MARCO RUBIO, Senator;
BERNARD SANDERS, Senator;
BEN SASSE, Senator; BRIAN
SCHATZ, Senator; CHARLES E.
SCHUMER, Senator; RICK SCOTT,
Senator; TIM SCOTT, Senator;
JEANNE SHAHEEN, Senator;

RICHARD C. SHELBY, Senator;
KRYSTEN SINEMA, Senator; TINA
SMITH, Senator; DEBBIE
STABENOW, Senator; DAN
SULLIVAN, Senator; JON TESTER,
Senator; JOHN THUNE, Senator;
THOM TITLIS, Senator; PATRICK
TOOMEY, Senator; TOMMY
TUBERVILLE, Senator; CHRIS
VANHOLLEN, Senator; MARK
WARNER, Senator; RAPHAEL G.
WARNOCK, Senator; ELIZABETH
WARREN, Senator; SHELDON
WHITEHOUSE, Senator; ROGER
F. WICKER, Senator; RON
WYDEN, Senator; and TODD
YOUNG, Senator,

| | |
|---|---|
| ERIN BURNETT, Media, | Case No. 1:22-cv-00043-RRB |
| GLORY HALL, | Case No. 1:22-cv-00044-RRB |
| CHLOE M. PAPIER, Deputy Director, | Case No. 1:22-cv-00045-RRB |
| GLORY HALL, | Case No. 1:22-cv-00046-RRB |
| MARIYA LOVISHCHUK, Director Glory Hall; NICK MCKINLEY; and JOHN DAY, SR., | Case No. 1:22-cv-00047-RRB |
| GLORY HALL, | Case No. 1:22-cv-00048-RRB |
| FEDERAL BUREAU OF INVESTIGATIONS; FEDERAL COMMUNICATIONS COMMISSION; SOCIAL SECURITY ADMINISTRATION; GCI; TAD PALIN; WILLOW PALIN; JENNIFER SEZSPANSKI; JOE CROPLEY; JERRY CROPLEY; | Case No. 1:22-cv-00049-RRB |

FRANK MILLER; DUANE MILLER;
KAREN MILLER; DONALD
TRUMP; MELANIA TRUMP;
BARRON TRUMP; IVANKA
TRUMP; LOUIES DOUGLASS INN;
JUNEAU TAXI; GLACIER TAXI &
TOURS; NEW YORK POLICE
DEPARTMENT; MISTY CHURCH;
JOSH SMITH; JOSH COOK; JOHN
MOSS; ELIZABETH CROPLEY;
LEE MILLER; TAPIA CHURCH;
PETER CHURCH; WELLS FARGO
BANK; FIRST NATIONAL BANK
ALASKA; JOE BIDEN, President;
KAMALA HARRIS, Vice President;
VALLEY BREEZE IN; DOUGLAS
BREEZEIN; ADMIRALTY
CONSTRUCTION; HOME LIQUOR
& DELI; IKES FUEL; TAKU
SMOKERIES; TRACY'S KING
CRAB SHACK; BEN CRUMP;
MORGAN & MORGAN; OFFICE
OF CHILDRENS SERVICES;
JOHNSON YOUTH CENTER;
JUNEAU YOUTH SERVICES;
ANCHORAGE POLICE
DEPARTMENT; WASILLA POLICE
DEPARTMENT; SEWARD POLICE
DEPARTMENT; ALASKA DIVISION
OF PUBLIC ASSISTANCE; PUBLIC
ASSISTANCE DIVISION; BETHEL
DIVISION OF PUBLIC
ASSISTANCE; KENAI PUBLIC
ASSISTANCE DIVISION; JUNEAU
FIRE STATION; JUNEAU SCHOOL
DISTRICT; ERIC ADAMS; JUNEAU
EMPIRE; ANCHORAGE DAILY
NEWS; NEW YORK TIMES;
WASHINGTON POST; SEATTLE
TIMES; KTOO; DUTCH KNIGHT;
KAREN WRIGHT; MANDY

MASSEY; CAPITAL TRANSIT;
SARAH PALIN; KXLJ; KINY;
MARTY MCKEOWN; SECON
SOUTHEAST ALASKA;
MOUNTAINSIDE URGENT CARE;
FRED MEYER; FOODLAND IGA;
GOLDBELT TRAM; JEWELERS
INTERNATIONAL; RED LADY;
WINGS AIRWAYS & TAKU
GLACIER LODGE; SECURITIES &
EXCHANGE COMMISSION;
BARTLETT REGIONAL HOSPITAL;
SOUTH EAST ALASKA REGIONAL
HEALTH CONSTORTIUM;
DISABILITY LAW CENTER OF
ALASKA; ANGIE KEMP; EMILY
WRIGHT, Magistrate; AMY
FENSKE; PHILIP PALLENBERG,
Judge; JAMES MOSS; FRANK
SARANOVICH; VINCE ISTURIS;
HEATHER BRIGGS; CODY SHAW;
ROGER BRAINES; GARY
DURLING; TAMMY DURLING;
ADAN MENDOZA, Chief of Police;
JUNEAU PUBLIC
LIBRARYALASKA STATE
LIBRARY & HISTORICAL
COLLECTIONS; DOUGLAS
PUBLIC LIBRARY; MIA-MALIKA
HENDERSON; US
PROSECUTORS; MICHEL
MOORE; LERONNE
ARMSTRONG, Chief of Police;
BRIANNA KEILAR; ABBY PHILLIP;
RICHARD QUEST; FREDRICKA
WHITEFIELD, Media; KATE
BOULDAN, Media; PAMELA
BROW, Media; SANJAY GUPTA,
Media; VAN JONES, Media;
ALISYN CAMEROTA, Media; JULIA
CHATERLY, Media; SE CUPP,

Media; CHRISTINE AMANPOUR,
Media; JOHN AVLON, Media;
DAVID AXELROD, Media; Dana
Bash, Media; SEAN HANNITY,
Media; TUCKER CARLSON, Media;
JESSIE WATERS, Media; JIM
ACOSTA, Media; AL SHARPTON,
Media; KATIE TUR, Media; CHUCK
TODD, Media; JEN PSAKI, Media;
RED DOG SALOON; GARY'S FINE
JEWELRY; HICKOK'S TRADING
CO.; DIMONDS INTERNATIONAL;
ALASKA STATE TROOPERS;
JUNEAU POLICE DEPARTMENT;
ALASKA DEPARTMENT OF
PUBLIC SAFETY; and MICHAEL
DUNLAP,

ALASKA DEPARTMENT OF                 Case No. 1:22-cv-00050-RRB
LABOR; ALASKA DEPARTMENT
OF FISH & GAME; and ALASKA
STATE COMMISSION FOR
HUMAN RIGHTS,

BRETT KAVANAUGH, US                  Case No. 1:22-cv-00051-RRB
Supreme Justice; SAMUEL A.
ALITO, JR., US Supreme Justice;
AMY CONEY BARRETT, US
Supreme Justice; and KETANJI
BROWN JACKSON, US Supreme
Justice,

GAVIN NEWSOM, Governor;              Case No. 1:22-cv-00052-RRB
ELENI KOUNALAKIS, Lt. Governor;
ROB BONTA, US Attorney; TRACY
WILKISON, US Attorney; KANYE
WEST, Music; ADAM LEVINE,
Singer; KELLY CLARKSON, Singer;
KELLY OSBOURNE, Singer;
DWAYNE ROCK JOHNSON, Actor;
KYLIE JENNER, Actress;

KENDALL JENNER, Actress;
CAITLYN JENNER; TOM CRUISE;
JASON STATHAM; SYLVESTER
STALLONE, Actor; CUBA
GOODING JR., Actor; MICHAEL
DOUGLAS, Actor; KID ROCK,
Musician; CHERYL CROW; ALICIA
KEYS, Musician; TONY LOC,
Singer; SNOOP DOG, Singer; LL
COOL J, Actor; BOBBY BROWN,
Singer; TYLER PERRY, Actor;
TYRA BANKS; QUEEN LATIFAH,
Actress; BRUNO MARS, Singer;
ALEC BALDWIN; DOLPH
LUNDGREN, Actor; MELISSA
MCCARTHY, Actress; MICHAEL J.
FOX; KEVIN SPACEY, Actor; VIN
DIESEL, Actor; MATT DAMON,
Actor; MATHEW MCCONAUGHEY,
Actor; EDDIE MURPHY, Actor;
WILL SMITH, Actor; ADAM
SADDLER, Actor; CATHERINE
ZETA-JONES, Actress; DEMI
MOORE, Actress; JENNIFER
ANISTON, Actress; BRAD PITT,
Actor; GEORGE CLOONEY, Actor;
ROBERT DENIRO, Actor; AL
PACINO, Actor; RAY LIOTTA,
Actor; KURT RUSSELL, Actor;
GOLDIE HAWN, Actress; MILA
KUNIS, Actress; ASHTON
KUTCHER, Actor; and BRUCE
WILLIS, Actor,

JO ANNE B. BARNHART,                    Case No. 1:22-cv-00053-RRB

MAGGIE GERRADI, Librarian; and      Case No. 1:22-cv-00056-RRB
WILLIE QUESTION LAST NAME,

| | |
|---|---|
| BETH WELDON, Mayor; CAPITAL TRANSIT; and JUNEAU PUBLIC LIBRARY, | Case No. 1:22-cv-00057-RRB |
| U.S. DISTRICT COURT, | Case No. 1:22-cv-00060-RRB |
| FEDERAL BUREAU OF INVESTIGATIONS, | Case No. 1:22-cv-00061-RRB |
| MERRICK GARLAND, | Case No. 1:22-cv-00062-RRB |
| RICHARD BURNS; KXJ; KELLY PERES; and JEFF MCCOY, | Case No. 1:22-cv-00063-RRB |
| KATHY MUNOZ, | Case No. 1:22-cv-00064-RRB |
| FEDERAL BUREAU OF INVESTIGATIONS; JOHN E. KUHN, JR., U.S. Prosecutor; MICHAEL JAHNSEN; and GLENN BO, | Case No. 1:22-cv-00065-RRB |
| SHAQUILLE O'NEAL, | Case No. 1:22-cv-00066-RRB |
| HILL VIEW APARTMENTS; CEDAR PARK APARTMENTS; GENEVA WOODS; CHANNEL TERRACE APARTMENTS, | Case No. 1:22-cv-00067-RRB |
| JACKIE CHAN, | Case No. 1:22-cv-00068-RRB |
| FRANK DOLAN, Police Officer, | Case No. 1:22-cv-00069-RRB |
| LUKE VERMAN, | Case No. 1:22-cv-00070-RRB |
| SYLVIA KOHLHASE and JASON KOHLHASE, | Case No. 1:22-cv-00071-RRB |
| MARK CHOATE, Lawyer; and JON CHOATE, Lawyer, | Case No. 1:22-cv-00072-RRB |

| | |
|---|---|
| BUTCH KAHKALEN, | Case No. 1:22-cv-00073-RRB |
| JULIA ROBERTS, Actress; JAKE TAPPER; STEVEN BO; and LYNN JOHNSON, | Case No. 1:22-cv-00074-RRB |
| KEVIN A. WILLIAMS, | Case No. 1:22-cv-00075-RRB |
| COREY COX, M.D.; DAVID UNKNOWN, Nurse; and FRONT STREET CLINIC, Medical, | Case No. 1:22-cv-00076-RRB |
| LEE WHITE, Police Chief, | Case No. 1:22-cv-00077-RRB |
| ADAM LEVINE, | Case No. 1:22-cv-00078-RRB |
| BILL O'REILLY, Media, | Case No. 1:22-cv-00079-RRB |
| LAWRENCE O'DONNELL, Media, | Case No. 1:22-cv-00080-RRB |
| ALEX WAGNER, | Case No. 1:22-cv-00081-RRB |
| AMY GOODMAN, Media; JUAN GONZALES, Media; CASEY GROVE, Media; JENNIFER PEMBERTON, Media, | Case No. 1:22-cv-00082-RRB |
| BRIAN WILLIAMS, | Case No. 3:22-cv-00091-RRB |
| JOY REID, | Case No. 3:22-cv-00092-RRB |
| ANDREA MITCHELL, | Case No. 3:22-cv-00093-RRB |
| CHRIS HAYES, | Case No. 3:22-cv-00094-RRB |
| CHRIS MATHEWS, | Case No. 3:22-cv-00095-RRB |
| WILLIE GEIST, | Case No. 3:22-cv-00096-RRB |
| ALEX WITT, | Case No. 3:22-cv-00097-RRB |

| | |
|---|---|
| NICOLE WALLACE, | Case No. 3:22-cv-00098-RRB |
| KIRSTEN WELKER, | Case No. 3:22-cv-00099-RRB |
| ALI VELSHI, | Case No. 3:22-cv-00100-RRB |
| FOX NEWS, Media & Company; MSNBC, Media & Company; CNN INTERNATIONAL, Media & Company; and ABC TELEVISION, Media & Company, | Case No. 3:22-cv-00105-RRB |
| JIM SCIUTTO, | Case No. 3:22-cv-00106-RRB |
| POPPY HARLOW, | Case No. 3:22-cv-00107-RRB |
| DANA PERINO, | Case No. 3:22-cv-00108-RRB |
| GREG GUTFELD, | Case No. 3:22-cv-00109-RRB |
| RON DESANTIS, Governor; DANIELLA LEVINE CAVA, Mayo; MARCO RUBIO, Senator; and DEBBIE WASSEMAN SCHULTZ, Congress, | Case No. 3:22-cv-00110-RRB |
| JACK SCHMIDT, US Prosecutor; DAVID CAMPBELL, Deputy Chief of Police; SCOTT ERICKSON, Lieutenant; and JEREMY WESKE, Lieutenant, | Case No. 3:22-cv-0011-RRB |
| MAXINE WATERS, US House; JOHN TUNE, Senator; MARSHA BLACKBURN, US Senator; JERRY CARL, US House; DIANA HARSHBARGER, U.S. House; TIM BURCHETT, U.S. House; TOM RICH, U.S. House; DUSTY JOHNSON, U.S. House; WILLIAM TIMMONS, U.S. House; RALPH | Case No. 3:22-cv-00115-RRB |

NORMAN, U.S. House; JOE
WILSON, U.S. House; JEFF
DUNCAN, U.S. House; JIM LANG
EVIN, U.S. House; NANCY MACE,
U.S. House; JENNIFER
GONZALEZ-COLON, U.S. House;
DAVID N. CICILLINE, U.S. House;
CONOR LAMB, U.S. House;
MICHAEL DOYLE, U.S. House;
GLENN THOMPSON, U.S. House;
MIKE KELLY, U.S. House; JOHN
JOYCE, U.S. House; GUY
RESCHENTHALER, U.S. House;
LLOYD SMUCKER, U.S. House;
FRED KELLER, U.S. House;
CHRISS HOULAHAN, U.S. House;
SCOTT PERRY, U.S. House;
MADELEINE DEAN, U.S. House;
MARY GAY SCANLON, U.S.
House; BRANDAN BOYLE, U.S.
House; DWIGHT EVANS, U.S.
House; KURT SCHRADER, U.S.
House; BRIAN FITZPATRICK, U.S.
House; EARL BLUMENAUER, U.S.
House; PETER DEFAZIO, U.S.
House; SUZANNE BONAMICI, U.S.
House; CLIFF BENTZ, U.S. House;
TOM COLE, U.S. House;
STEPHANIE BICE, U.S. House;
MARK WAYNE MULLIN, U.S.
House; FRANK LUCAS, U.S.
House; ANTHONY GONZALEZ,
U.S. House; KEVIN HERN, U.S.
House; DAVID JOYCE, U.S. House;
MIKE CAREY, U.S. House; TROY
BALDERSON, U.S. House; TIM
RYAN, U.S. House; MICHHAEL
TURNER, U.S. House; SHONTEL
BROWN, U.S. House; WARREN
DAVIDSON, U.S. House; MARCY
KAPTUR, U.S. House; BILL

JOHNSON, U.S. House; BOB
GIBBS, U.S. House; JIM JORDAN,
U.S. House; BOB LATTA, U.S.
House; BRAD WENSTRUP, U.S.
House; JOYCE BEATTY, U.S.
House; KELLY ARMSTRONG, U.S.
House; STEVE CHABOT, U.S.
House; ALMA ADAMS, U.S. House;
TED BUDD, U.S. House; PATRICK
T. MCHENRY, U.S. House;
MADISON CAWTHORN, U.S.
House; RICHARD HUDSON, U.S.
House; DAN BISHOP, U.S. House;
JEFF VAN DREW, U.S. House;
ANNIE KUSTER, U.S. House;
DONALD NORCROSS, U.S.
House; STEVEN HORSFORD, U.S.
House; CHRIS PAPPAS, U.S.
House; MARK AMODEI, U.S.
House; SUSIE LEE, U.S. House;
ADRIAN SMITH, U.S. House; DINA
TITUS, U.S. House; MATT
ROSENDAIRE, U.S. House; DON
BACON, U.S. House; BILLY LONG,
U.S. House; JASON SMITH, U.S.
House; EMANUEL CLEAVER, U.S.
House; SAM GRAVES, U.S. House;
BLAINE LUETKEMEYER, U.S.
House; VICKY HARTZLER, U.S.
House; CORI BUSH, U.S. House;
ANN WAGNER, U.S. House;
MICHAEL GUEST, U.S. House;
STEVEN PALAZZO, U.S. House;
TRENT KELLY, U.S. House;
BENNIE THOMPSON, U.S. House;
MICHELLE FISCHBACH, U.S.
House; PETE STAUBER, U.S.
House; IIHAN OMAR, U.S. House;
TOM EMMER, U.S. House; DEAN
PHILLIPS, U.S. House; BETTY
MCCOLLUM, U.S. House;

BRENDA LAWRENCE, U.S. House;
ANGIE CRAIG, U.S. House;
DEBBIE DINGELL, U.S. House;
RASHIDA TLAIB, U.S. House; LISA
MCCLAIN, U.S. House; HALEY
STEVENS, U.S. House; ELISSA
SLOTKIN, U.S. House; ANDY
LEVIN, U.S. House; DAVID PRICE,
U.S. House; TIM WALBERG, U.S.
House; DEBORAH ROSS, U.S.
House; GREGORY MURPHY, U.S.
House; ELANOR HOLMES
NORTON, U.S. House; G.K.
BUTTERFIELD, U.S. House;
BRIAN HIGGINS, U.S. House;
CHRISTOPHER JACOBS, U.S.
House; JOHN KATKO, U.S. House;
JOSEPH MORELLE, U.S. House;
CLAUDIA TENNEY, U.S. House;
TOM REED, U.S. House; PAUL
TONKO, U.S. House; ELISE
STEFANIK, U.S. House; JAMAAL
BOWMAN, U.S. House;
MONDAIRE JONES, U.S. House;
SEAN MALONEY, U.S. House;
ANTONIO DELGADO, U.S. House;
ADRIANO ESPILLAT, U.S. House;
RITCHIE TORRES, U.S. House;
NICOLE MALLIOTAKIS, U.S.
House; CAROLYN B. MALONEY,
U.S. House; YVETTE CLARKE,
U.S. House; JERROLD NADLER,
U.S. House; NYDIA VELAZQUEZ,
U.S. House; HAKEEM JEFFRIES,
U.S. House; GRACE MENG, U.S.
House; ANDREW GARBARINO,
U.S. House; YVETTE HERRELL,
U.S. House; GREGORY W.
MEEKS, U.S. House; KATHLEEN
RICE, U.S. House; TOM SUOZZI,
U.S. House; LEE ZELDIN, U.S.

House; TERESA LEGER
FERNANDEZ, U.S. House;
BONNIE WATSON COLEMAN,
U.S. House; RICK CRAWFORD,
U.S. House; JOHN GARAMENDI,
U.S. House; FRENCH HILL, U.S.
House; JARED HUFFMAN, U.S.
House; DOUG LAMALFA, U.S.
House; DEBBIE LESKO, U.S.
House; TOM MALINOWSKI, U.S.
House; ALEXANDRIA OCASIO-
CORTEZ, U.S. House; FRANK
PALLONE, JR, U.S. House; BILL
PARCELL, U.S. House; DONALD
PAYNE, JR., U.S. House; MIKIE
SHERRILL, U.S. House; ALBIO
SIRES, U.S. House; MELANIE ANN
STANSBURY, U.S. House; GREG
STANTON, U.S. House; BRUCE
WESTERMAN, U.S. House; STEVE
WOMACK, U.S. House; ANDY
BIGGS, U.S. House; RUBEN
GALLEGO, U.S. House; PAUL
GOSAR, U.S. House; RAUL
GRIJALVA, U.S. House; ANN
KIRKPATRICK, U.S. House; DAVID
SCHWEIKERT, U.S. House;
AUMUA AMATA RADEWAGEN,
U.S. House; TERRI SEWELL; TOM
O'HALLERAN; GARY PALMER;
ROBERT ADERHOLT; MO
BROOKS; BARRY MOORE; MIKE
ROGERS,

CHRISTOPHER A. WRAY;           Case No. 4:22-cv-00009-RRB
MERRICK GARLAND; NANCY
PELOSI; and CHUCK SHUMER,

GLORY HALL,                     Case No. 4:22-cv-00012-RRB

MICHAEL DUNLEAVY, Governor;
BETH WELDON, Mayor; JUNEAU
POLICE DEPARTMENT; and
EMILY WRIGHT, Magistrate,

Case No. 4:22-cv-00013-RRB

Defendants.

## ORDER OF DISMISSAL

On April 13, 2022, William Clarke, a self-represented litigant, filed 10 Complaints for a Civil Case, along with Applications to Proceed in District Court without Prepaying Fees or Costs, and 26 pages of exhibits.[1]  Subsequently, Mr. Clarke filed myriad civil actions with the U.S. District Court for the District of Alaska at the Juneau, Anchorage, and Fairbanks Courthouses within the last 105 days.  Upon review, through Mr. Clarke's own admissions,[2] and in the interest of

---

[1] *Clarke v. Maddow*, Case. No. 1:22-cv-00007-RRB, Dockets 1–3; *Clarke v. Brezinski*, Case No. 1:22-cv-00008-RRB, Dockets 1–3; *Clarke v. Earhardt*, Case No. 1:22-cv-00009-RRB, Dockets 1–3; *Clarke v. Smith*, Case No. 1:22-cv-00010-RRB, Dockets 1–3; *Clarke v. MacCallum*; Case No. 1:22-cv-00011-RRB, Dockets 1–3; *Clarke v. Bream*; Case No. 1:22-cv-00012-RRB, Dockets 1–3; *Clarke v. Banderas*, Case No. 1:22-cv-00013-RRB, Dockets 1–3; *Clarke v. Faulkner*; Case No. 1:22-cv-00014-RRB, Dockets 1–3; *Clarke v. Pavlich*; Case No. 1:22-cv-00015-RRB, Dockets 1–3; *Clarke v. Tansey*, *et al.*, Case No. 1:22-cv-00016-RRB, Dockets 1–3.

[2] *Clarke v. Romney, et al.*, Case No. 1:22-cv-00042-RRB, Docket 1 at 6 ("I am filing a lot of civil lawsuits[.]"); *Clarke v. FBI, et al.*, Case No. 1:22-cv-00049-RRB, Docket 1 at 4 (requests the Court to "refer to all civil dockets" for statement of claim and requested relief); for a non-exhausted list of additional examples *see also Clarke v. Alaska Dept. of Labor, et al.*, Case No. 1:22-cv-00050-RRB, Docket 1 at 4; *Clarke v. Kavanaugh*, Case No. Case No. 1:22-cv-00051-RRB, Docket 1 at 4; *Clarke v. Barnhart*, Case No. 1:22-cv-00053-RRB, Dockets 1 at 3 (requests Court to "refer to civil dockets filed by plaintiff! 1:22-cv-0036-RRB, 1:22-cv-00033-RRB, 1:22-cv-00032-RRB, 1:22-cv-00034-RRB") & 1-1 (handwritten statement to Defendant Barnhart asking to "please refer to all dockets civil being filed with me as the Plaintiff!" with a list of his civil filings to date); *Clarke v. Velshi*,

judicial economy, the Court finds these cases to be interrelated and appropriate to address within the same order. The Court now screens all the complaints in accordance with 28 U.S.C. § 1915(e)(2)(B).

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[3] In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[4]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[5] In conducting its review, a

---

Case No. 3:22-cv-00100-RRB, Docket 1 at 4 ("Refer to Wolf Blizters! Or other lawsuits"; "Refer to Willie Hayes! Or other lawsuits"; "Refer to other lawsuits! Like Joy Reids!").

[3] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

Order of Dismissal
Page 20 of 42
Case 4:22-cv-00013-RRB   Document 4   Filed 07/28/22   Page 20 of 42

judicial economy, the Court finds these cases to be interrelated and appropriate to address within the same order. The Court now screens all the complaints in accordance with 28 U.S.C. § 1915(e)(2)(B).

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[3] In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[4]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[5] In conducting its review, a

---

Case No. 3:22-cv-00100-RRB, Docket 1 at 4 ("Refer to Wolf Blizters! Or other lawsuits"; "Refer to Willie Hayes! Or other lawsuits"; "Refer to other lawsuits! Like Joy Reids!").

[3] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[6]  Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[7]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[8]

## DISCUSSION

In the course of approximately three months, Mr. Clarke has filed 93 civil actions with this Court.  As evidenced in his numerous pleadings, Mr. Clarke believes, and intends to bring to light by these suits, that an extensive conspiracy exists involving medical device implantation, cyber hacking, theft and distribution of his intellectual property, and his forced participation in illicit and illegal pornography.  Whether taken individually or as a collective, Mr. Clarke's complaints fail to state a claim upon which relief may be granted and are frivolous. Accordingly, these civil actions must be dismissed.

---

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[7] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[8] *See Schreiber Distributing Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986).

## I.    <u>Complaints and Allegations</u>

Beginning on April 13, 2022, Mr. Clarke began filing civil suits against media personalities, federal prosecutors, chief executive officers of major technology companies, and news channels.[9]  These complaints invoked jurisdiction under the First through Twelfth Amendments of the U.S. Constitution and selections of the United States Code that correspond with chapters on peonage, slavery, human trafficking, and obstruction of justice.[10]  While each complaint has variations on the claim stated, Mr. Clarke provided the same set of exhibits, which include: (1) emails often sent to himself, with additional possible recipients such as the Civil Rights Division of the U.S. Department of Justice, the U.S. Commission on Human Rights, various attorneys, and the National Labor Relations Board; (2) emails sent to himself requesting a court injunction or attempting to lodge a criminal complaint; and (3) x-ray images of his chest, spine, and skull with handwritten notes.[11]

---

[9] *Supra* note 1.

[10] *Clarke v. Maddow*, Case. No. 1:22-cv-00007-RRB, Dockets 1 at 3; *see also* Docket 1 of the following cases for reference and comparison:  *Clarke v. Brezinski*, Case No. 1:22-cv-00008-RRB; *Clarke v. Earhardt*, Case No. 1:22-cv-00009-RRB; *Clarke v. Smith*, Case No. 1:22-cv-00010-RRB; *Clarke v. MacCallum*; Case No. 1:22-cv-00011-RRB; *Clarke v. Bream*; Case No. 1:22-cv-00012-RRB; *Clarke v. Banderas*, Case No. 1:22-cv-00013-RRB; *Clarke v. Faulkner*; Case No. 1:22-cv-00014-RRB; *Clarke v. Pavlich*; Case No. 1:22-cv-00015-RRB; *Clarke v. Tansey*, et al., Case No. 1:22-cv-00016-RRB.

[11] *Clarke v. Maddow*, Case. No. 1:22-cv-00007-RRB, Dockets 3; *see also* Docket 3 of the following cases for reference and comparison:  *Clarke v. Brezinski*, Case No. 1:22-cv-00008-RRB; *Clarke v. Earhardt*, Case No. 1:22-cv-00009-RRB; *Clarke v. Smith*, Case No. 1:22-cv-00010-RRB; *Clarke v. MacCallum*; Case No. 1:22-cv-00011-RRB; *Clarke v. Bream*; Case No. 1:22-cv-00012-RRB; *Clarke v. Banderas*, Case No. 1:22-cv-00013-

Through his pleadings and the exhibits provided, the gravamen of Mr. Clarke's allegations are as follows:

- There is a vast criminal conspiracy of organized crime in Juneau, Alaska, the United States, and internationally.

- Mr. Clarke has a surgically implanted body camera connected to his pacemaker with frequency number #10367. The frequency broadcasts information that can be tracked and referenced.

- Defendants and entities hacked into his medical devices and have stolen his intellectual property through cyber robbery.

- He has been forced into participating and manufacturing illicit and illegal pornography, which has been distributed through websites, apps, and the internet to millions of people.

- The conspiracy involves major media outlets; technology companies; local, state, and national politicians and government officials; television and movie stars; hospitals, doctors, and medical professionals; criminal gangs; militias; and local, state, and national law enforcement agencies.[12]

---

RRB; *Clarke v. Faulkner*; Case No. 1:22-cv-00014-RRB; *Clarke v. Pavlich*; Case No. 1:22-cv-00015-RRB; *Clarke v. Tansey*, *et al.*, Case No. 1:22-cv-00016-RRB.

[12] *Supra* note 1.

For relief, Mr. Clarke requests millions, or sometimes hundreds of millions of dollars, in damages and for the Court to "review + investigate Apple + All Corporations including X rated out of California!"[13]

Initially, Mr. Clarke focused his litigation efforts on media personalities, media outlets or companies, and technology firms.[14]  However in relatively short order, Mr. Clarke began directing suits at local medical providers, social service staff, and members of the Juneau Police Department.[15]  Throughout the months, Mr. Clarke's many filings have expanded into multi-defendant litigation naming the membership of the U.S. Senate and House of Representatives,[16] federal agencies, local business and social services, politicians and their children, and local,

---

[13] *Clarke v. Tansey, et al.*, Case No. 1:22-cv-00016-RRB, Docket 1 at 6; *compare with Clarke v. Smith*, Case No. 1:22-cv-00010-RRB, Docket 1 at 4.

[14] *See as selected examples Clarke v. Blitzer*, Case No. 1:22-cv-00017-RRB, Docket 1; *Clarke v. Cabrera*, Case No. 1:22-cv-00018-RRB, Docket 1; *Clarke v. MSNBC*; Case No. 1:22-cv-00024-RRB, Docket 1; *Clarke v. Apple Inc.*, Case No. 1:22-cv-00027-RRB, Docket 1; *Clarke v. Lee*, Case No. 1:22-cv-00031-RRB, Docket 1; *Clarke v. Williams*, Case No. 3:22-cv-00091-RRB, Docket 1; *Clarke v. Reid*, Case No. 3:22-cv-00092-RRB, Docket 1; *Clarke v. Mitchell*, Case No. 1:22-cv-00093-RRB, Docket 1; *Clarke v. Matthews*, Case No. 3:22-cv-00095-RRB, Docket 1; *Clarke v. Witt*, Case No. 3:22-cv-00097-RRB, Docket 1; *Clarke v. Wallace*, 3:22-cv-00098-RRB, Docket 1; *Clarke v. Welker*, Case No. 3:22-cv-00099-RRB, Docket 1; *Clarke v. Sciutto*, Case No. 3:22-cv-00106-RRB, Docket 1.

[15] *Clarke v. Lovishchuck, et al.*, Case No. 1:22-cv-00031-RRB, Docket 1; *Clarke v. Leither*, Case No. 1:22-cv-00033-RRB; *Clarke v. Fylpaa*, Case No. 1:22-cv-00034-RRB, Docket 1; *Clarke v. Bursell*, Case No. 1:22-cv-00035-RRB, Docket 1; *Clarke v. Gifford*, Case No. 1:22-cv-00037-RRB, Docket 1; *Clarke v. Papier*, Case No. 1:22-cv-00045-RRB, Docket 1.

[16] *Clarke v. Romney, et al.*, Case No. 1:22-cv-00042-RRB, Docket 1; *Clarke v. Waters, et al.*, Case No. 3:22-cv-00115-RRB, Docket 1.

national, and international public figures.[17]   Mr. Clarke sues many Defendants repeatedly, such as Fox News,[18] CNN,[19] CNBC,[20] Rachel Maddow,[21] Alaska Governor Mike Dunleavy,[22] the Federal Bureau of Investigation,[23] and Juneau, Alaska's homeless shelter, Glory Hall.[24]

---

[17] *Clarke v. Federal Bureau of Investigation, et al.*, Case No. 1:22-cv-00049-RRB, Docket 1; *see also Clarke v. Whitmer, et al.*, Case No. 1:22-cv-00028-RRB, Docket 1; *Clarke v. Hochul, et al.*, Case No. 1:22-cv-00029-RRB, Docket 1; *Clarke v. Gladziszewki, et al.*, Case No. 1:22-cv-00038-RRB, Docket 1; *Clarke v. Meyer, et al.*, Case No. 1:22-cv-00041-RRB, Docket 1; *Clarke v. Newsom, et al.*, Case No. 1:22-cv-00052-RRB, Docket 1; *Clarke v. Weldon, et al.*, Case No. 1:22-cv-00057-RRB; *Clarke v. Sciutto*, Case No. 3:22-cv-00106-RRB, Docket 1; *Clarke v. Schmidt, et al.*, Case No. 3:22-cv-00111-RRB, Docket 1; *Clarke v. Waters, et al.*, Case No. 3:22-cv-00115-RRB, Docket 1; *Clarke v. Wray, et al.*, Case No. 4:22-cv-00009-RRB, Docket 1; *Clarke v. Dunleavy, et al.*, Case No. 4:22-cv-00013-RRB, Docket 1.

[18] *Compare Clarke v. Fox News*, Case No. 1:22-cv-00025-RRB *with Clarke v. Fox News, et al.*, Case No. 3:22-cv-00105-RRB.

[19] *Compare Clarke v. CNN International*, Case No. 1:22-cv-00021-RRB *with Clarke v. CNN*, Case No. 1:22-cv-00026-RRB *and Clarke v. Fox News, et al.*, Case No. 3:22-cv-00105-RRB (naming CNN International as the third defendant).

[20] *Compare Clarke v. Tansey*, Case No. 1:22-cv-00016-RRB (naming CNBC as the fourth defendant) *with Clarke v. CNBC*, Case No. 1:22-cv-00023-RRB.

[21] *Compare Clarke v. Maddow*, Case No. 1:22-cv-00007-RRB *with Clarke v. Maddow*, Case No. 1:22-cv-00019-RRB.

[22] *Compare Clarke v. Dunleavy, et al.*, Case No. 1:22-cv-00036-RRB with *Clarke v. Dunleavy, et al.*, Case No. 4:22-cv-00013-RRB.

[23] *Compare Clarke v. Federal Bureau of Investigations, et al.*, Case No. 1:22-cv-00049-RRB *with Clarke v. Federal Bureau of Investigations*, Case No. 1:22-cv-00061-RRB and *Clarke v. Federal Bureau of Investigations, et al.*, Case No. 1:22-cv-00065-RRB.

[24] *Compare Clarke v. Hall*, Case No. 1:22-cv-00039-RRB *with Clarke v. Hall*, Case No. 1:22-cv-00044-RRB; *Clarke v. Hall*, Case No. 1:22-cv-00046-RRB; *Clarke v. Hall*, Case No, 1:22-cv-00048-RRB, *Clarke v. Glory Hall*, Case No. 4:22-cv-00012-RRB.

Mr. Clarke commenced his actions using a variety of form complaints generated by the Administrative Office of the U.S. Courts for general civil matters,[25] diversity actions alleging negligence,[26] civil rights,[27] and complaints with a request for an injunction.[28] However, the form upon which the complaint is written does not alter Mr. Clarke's allegations or legal strategy. As mentioned above, Mr. Clarke consistently invokes jurisdiction pursuant to, or otherwise references Chapters 73 and 77 of the United States Code, the specific statues of 18 U.S.C. §§ 1035 & 1961, and the First through Twelfth Amendments of the United States Constitution.[29] In Mr. Clarke's most recent filings, he has included references to Executive Orders by President Biden on police corruption and

---

[25] *See as selected example Clarke v. Harlow*, 3:22-cv-00107-RRB, Docket 1.

[26] *See as selected example Clarke v. Brzezinski*, Case No. 1:22-cv-00008-RRB, Docket 1.

[27] *See as selected example Clarke v. Schmidt, et al.*, 3:22-cv-00111-RRB, Docket 1.

[28] *See as selected example Clarke v. Wray, et al.*, 4:22-cv-00009-RRB, Docket 1.

[29] *See as selected examples Clarke v. Banderas*, Case No. 1:22-cv-00013-RRB, Docket 1 at 3; *Clarke v. NPR*, Case No. 1:22-cv-00020-RRB, Docket 1 at 4; *Clarke v. Gladziszewski, et al.*, Case No. 1:22-cv-00038-RRB, Docket 1 at 3; *Clarke v. Burnett*, Case No. 1:22-cv-00043-RRB, Docket 1 at 3; *Clarke v. Witt*, Case No. 3:22-cv-00097-RRB, Docket 1 at 4; *Clarke v. Glory Hall*, Case No. 4:22-cv-00012-RRB, Docket 1 at 3. In some filings, Mr. Clarke exempts the Second Amendment, specifically from his assertion of jurisdiction. *See as selected examples Clarke v. Hall*, Case No. 1:22-cv-00046-RRB, Docket 1 at 4, *Clarke v. Dolan*, Case No. 1:22-cv-00069-RRB, Docket 1 at 3, *Clarke v. Glory Hall*, Case No. 4:22-cv-00012-RRB, Docket 4 at 4.

Former President Trump on "cyber."[30]  Mr. Clarke's assertions of jurisdiction are most consistent when evaluated in sets or groups by filing date.[31]

Mr. Clarke's pleadings, while not written exactly the same, repeat the same core theory as described above—an implanted body camera connected with his pacemaker is being hacked; his intellectual property is being stolen and distributed; he is forced to participate in illegal pornography and human trafficking; the pornography is being disseminated around the world by all Defendants, with more to be named, who are part of an organized crime ring exploiting millions of victims.[32]  In later pleadings, Mr. Clarke also includes allegations that various Defendants are inflicting bodily harm to murder or disable him.[33]

Mr. Clarke occasionally raises unique allegations against a specific defendant, for example that 1000 attorneys have received settlements as part of

---

[30] *Clarke v. Chan*, Case No. 1:22-cv-00068-RRB, Docket 1 at 3; *Clarke v. Cox, et al.*, Case No. 1:22-cv-00076-RRB, Docket 1 at 3.

[31] *Compare supra* note 10 (complaints filed on April 13, 2022) *with Clarke v. Federal Bureau of Investigations*, Case No. 1:22-cv-00061-RRB, Docket 1 at 3 and *Clarke v. Garland*, Case No. 1:22-cv-00062-RRB, Docket 1 at 3 (filed on July 5, 2022, asserting jurisdiction through habeas corpus and alleged presidential executive orders).

[32] *See as selected examples Clarke v. Twitter*; Case No. 1:22-cv-00022-RRB, Docket 1; *Clarke v. Hochul, et al.*, Case No. 1:22-cv-00029-RRB, Docket 1; *Clarke v. Perino*; 3:22-cv-00108-RRB, Docket 1; *Clarke v. Dunleavy, et al.*, Case No. 4:22-cv-00013-RRB, Docket 1.

[33] *See as selected examples Clarke v. Rather*, Case No. 1:22-cv-00032-RRB, Docket 1; *Clarke v. Hall*, Case No. 1:22-cv-00039-RRB, Docket 1; *Clarke v. Hayes*, Case No. 3:22-cv-00094-RRB, Docket 1.

the conspiracy,[34] or that members of the U.S. Supreme Court have conspired with Apple, Inc., and the U.S. Congress to put him in child pornography with Justice/Defendant Kavanagh's children.[35] However, any unique allegation is a conspiracy related detail applied to a defendant or set of defendants. Uniformly across all of Mr. Clarke's cases—with only the exception of *Clarke v. Barnhardt*, Case No. 1:22-cv-00053-RRB, explained in further detail below—he requests damages either in the "millions" or "hundreds of millions" for relief.[36] Additionally in some selected pleadings, Mr. Clarke requests the Court to investigate, prosecute, or otherwise prove his claims.[37]

Like in his first 10 cases, Mr. Clarke often submits x-rays with handwritten explanations regarding his pacemaker and the alleged bodycam system and emails sent to himself and various other parties: seeking representation by a civil

---

[34] *Clarke v. Alaska Dept. of Labor, et al.*, Case No. 1:22-cv-00050-RRB, Docket 1 at 4.

[35] *Clarke v. Kavanaugh, et al.*, Case No. 1:22-cv-00051-RRB, Docket 1 at 4.

[36] *See as examples Clarke v. Glory Hall*, Case No. 1:22-cv-00048-RRB, Docket 1 at 4 and *Clarke v. Alaska Dept. of Labor, et al.*, Case No. 1:22-cv-00050-RRB, Docket 1 at 4; *compare with Clarke v. Desantis, et al.*, Case No. 3:22-cv-00110-RRB.

[37] *See as examples Clarke v. Gladziszewski, et al.*, Case No. 1:22-cv-00038-RRB, Docket 1 at 5 (requesting hundreds of millions in damages and "all participant and defendants be charged with every federal crime that applies!"); *Clarke v. Romney, et al.*, Case No. 1:22-cv-00042-RRB, Docket 1 at 6 ("I am filing a lot of civil lawsuits, I asking for Court to prove and – all people appear to be put on the stand and prosecuted to the fullest extent of the law!"); *Clarke v. Waters, et al.*, Case No. 3:22-cv-00115-RRB, Docket 1 at 6 ("I want all participants in Juneau, Anchorage, Wasilla, New York, California, Washington DC and internationally! Easy to prove pull up my frequency of a surgically implanted body cam, plus pacemaker!").

rights attorney; wanting to file criminal complaints; naming individuals who he believes also are victims of illegal pornography production and listing states and state officials to be sued; asking for assistance in filing complaints or following up on voicemails, and requesting court injunctions.[38] In a specific action against Gov. Michael Dunleavy, Juneau Mayor Beth Weldon, the Juneau Police Department, and state court Magistrate Judge Emily Wright, Mr. Clarke submitted a judicial misconduct complaint, an email regarding Magistrate Judge Wright's refusal to hold an evidentiary hearing, a copy of Alaska Stat. § 11.41.270 (Stalking in the Second Degree), and a Petition for a Stalking Protective Order against Beth Weldon.[39] More recently, Mr. Clarke has not included exhibits with his complaints.[40]

---

[38] *See as examples Clarke v. Geist*, Case No. 3:22-cv-00096-RRB, Docket 1-1 *and Clarke v. Gutfeld*, Case No. 3:22-cv-00109-RRB, Docket 1-1; *compare with Clarke v. Lovishchuck, et al.*, Case No. 1:22-cv-00047-RRB, Docket 2 at 6–7.

[39] *Clarke v. Dunleavy, et al.*, Case No. 4:22-cv-00013-RRB, Docket 1 at 6–16 (despite different exhibits, Clarke's allegations remain consistent with the theories presented in his other pleadings—that "All Defendants co conspired to make sure [their] organized crime ring would stay in business . . . . Forced in porn and trafficked in film with Emily Wright!").

[40] *See as selected examples Clarke v. Quinto*, Case No. 1:22-cv-00040-RRB (filed April 26, 2022); *Clarke v. Waters, et al.*, Case No. 3:22-cv-00115-RRB (filed May 2, 2022); *Clarke v. Federal Bureau of Investigations*, Case No. 1:22-cv-00061-RRB, *Clarke v. Garland*, Case No. 1:22-cv-00062-RRB, Case No. 1:22-cv-00063-RRB, *Clarke v. Burns, et al.*, Case No. 1:22-cv-00063-RRB (filed July 5, 2022); *Clarke v. Munoz*, Case No. 1:22-cv-00064-RRB, *Clarke v. Federal Bureau of Investigations*, Case No. 1:22-cv-00065-RRB (field July 8, 2022); *Clarke v. O'Neal*, Case No. 1:22-cv-00066-RRB, *Clarke v. Hill View Apartments, et al.*, Case No. 1:22-cv-00067-RRB, *Clarke v. Chan*, Case No. 1:22-cv-00068-RRB (filed July 13, 2022); *Clarke v. Dolan*, Case No. 1:22-cv-00069-RRB, *Clarke v. Verman*, Case No. 1:22-cv-00070-RRB, *Clarke v, Kohlhase, et al.*, Case No. 1:22-cv-00071-RRB, *Clarke v. Choate, et al.*, Case No. 1:22-cv-000723-RRB, *Clarke v. Kahkalen*, Case No. 1:22-cv-00073-RRB, *Clarke v. Roberts, et al.*, Case No. 1:22-cv-00074-RRB,

Two of Mr. Clarke's filings deviate slightly from his standard pleading pattern. First, in *Clarke v. Barnhardt*, Case No. 1:22-cv-00053-RRB, Mr. Clarke submitted a Complaint for Review of a Social Security Disability or Supplemental Security Income Decision.[41] He indicates he seeks judicial review of a Disability Insurance Benefits Claim and a Supplemental Security Insurance Claim and that "I received notice, trashed because I was mad, contacted filed for [new] sent in 3-6-22 – called that had not sent anything about hearing 2 weeks later!"[42] When asked to explain why the Commissioner's factual findings are not supported by substantial evidence in the record, Mr. Clarke states "Due to Organized Crime!" and references Title 18, Chapters 77 and 73 of the United States Code, along with specific sections "2319, 1510, 1512, 1513, 1518, 1519, 19.61, 1035, 1030, 1831-1839-1836-1139."[43] Additionally, when asked to identity legal errors made by the Commissioner, Mr. Clarke states "Organized Crime, including [their] own employees involved in the crime, refer to all civil dockets filed by [Plaintiff]! 1:22-

---

*Clarke v. Williams*, Case No. 1:22-cv-00075-RRB, *Clarke v. Cox, et al.*, Case No. 1:22-cv-00076-RRB (filed July 18, 2022); *Clarke v. White*, Case No. 1:22-cv-00077-RRB, *Clarke v. Levine*, Case No. 1:22-cv-00078-RRB (filed July 21, 2022); *Clarke v. O'Reilly*, 1:22-cv-00079-RRB, *Clarke v. O'Donnell*, Case No. 1:22-cv-0080-RRB, *Clarke v. Wagner*, Case No. 1:22-cv-00081-RRB, *Clarke v. Goodman, et al.*, Case No. 1:22-cv-00082-RRB (filed July 25, 2022).

[41] Docket 1.

[42] Docket 1 at 2–3.

[43] Docket 1 at 3.

cv-0036-RRB 1:22-cv-00032-RRB 1:22-cv-00033-RRB 1:22-cv-0034-RRB."[44]  He

requests all possible and available relief for a Social Security appeals decision.  In

support of his claims, he includes a handwritten letter to Commissioner Barnhardt

that states:

> To, Jo Anne B. Barnhardt, If you['re] still the
> commissioner, went off the internet, a large group of
> organized criminals that include your staff in Juneau
> Alaska!  Please refer to all dockets civil being filed with
> me at the Plaintiff!  Be advised I am asking for all parties
> involved to be prosecuted!  Easy to prove, surgically
> implanted system frequency off of the equipment is
> 10367!  Your local cyber crimes, radio station or cyber
> security firm!  Pleas [sic] investigate due to the fact of
> cover ups of fraud at all levels!  More civil dockets are
> being filed including against your Juneau branch![45]

Additionally, he includes a handwritten list of his cases filed to date in the U.S.

District Court for the District of Alaska.[46]  Mr. Clarke does not provide any

administrative Social Security decision over which this Court would have

jurisdiction.

Second in *Clarke v. U.S. District Court*, Case No. 1:22-cv-00060-RRB,

Mr. Clarke invokes jurisdiction under the "First through Twelfth Amendments of the

United States Constitution!  Joe Biden['s] Executive Order[,] Emergency Evidence

Collection including Physical for Torture, Pacemaker, 70 Attempts for Restraining

---

[44] Docket 1 at 3.

[45] Docket 1-1 at 1.

[46] Docket 1-1 at 2–4.

Orders! [and] Saudme," the last of which the Court construes that Mr. Clarke intends to allege "sodomy." He pleads as his Statement of Claim: "After filing 70 civil lawsuits, including injunction and 70 motions for evidence collection both cyber and physical! 70 motions for restraining orders[.] 70 motions abou[t] Joe Biden['s] Executive Order of police corruption[.] All simple to prove body cam frequency #10367 (Dates 4/12/22 through 6/19/22 contin[uous]!)."[47] For relief, Mr. Clarke requests hundreds of millions in damages and "Arrest all Participants!"[48] In support of these allegations, Mr. Clarke provides copies of Notices of Electronic Filings, a receipt for copies, and Complaint Referral Form he submitted to the Internet Crime Complaint Center of the Federal Bureau of Investigation.[49] In the Complaint Referral Form, Mr. Clarke alleges he has been victimized by the State Library in Juneau, Alaska, and that:

> On 6/14/22 at 292 Whittier Street Juneau Alaska at 1:40 pm Alaska time illegal porn, child porn, felony assaults, medical equipment hacking by organized crime, also attempted murder! Group of criminal law enforcement and politicians and all co conspirators in Juneau Alaska trafficking victims of Uvalde Texas including Juneau police having them on Apple and paying parents and having the children say suck cock and Juneau police trafficking child porn and conditioning

---

[47] Docket 1 at 4.

[48] *Clarke v. U.S. District Court*, Case No. 1:22-cv-00060-RRB, Docket 1 at 4.

[49] *Clarke v. U.S. District Court*, Case No. 1:22-cv-00060-RRB, Dockets 1-1 & 1-2.

for prostitution for [servitude] to judges and elite!  Refer
to all civil dockets US District Court Clarke versus![50]

The Court recognizes that Mr. Clarke intends for these actions to be related
and views them as an intentional, holistic view of his litigation strategy.  Beginning
with *Clarke v. Federal Bureau of Investigations, et al.*, Case No. 1:22-cv-00049,
Mr. Clarke included in his pleadings a request to "refer to all civil dockets filed by
Plaintiff!" in regard to his statement of claim and requested relief.[51]  Subsequently,
Mr. Clarke consistently and repeatedly asks the Court and Defendants to refer to

---

[50] *Clarke v. U.S. District Court*, Case No. 1:22-cv-00060-RRB, Docket 1-2 (written in all
caps in the exhibit, changed to sentence standard capitalization for clarity, no punctuation
added).

[51] Docket 1 at 4.

*Clarke vs. ___; Various Case Numbers*
Order of Dismissal
Page 33 of 42

his other dockes either as a whole,[52] or by individual case names.[53]  Accordingly, the Court shall apply the applicable screening analysis across of Mr. Clarke's cases.

## II.  <u>Failure to State a Claim</u>

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"  A complaint should set out each claim for relief separately.  Each claim should identify (1) the specific harm that Plaintiff is alleging

---

[52] *See as selected examples Clarke v. Alaska Dept. of Labor, et al.*, Case No. 1:22-cv-00050-RRB, Docket 1 at 4; *Clarke v. Kavanaugh, et al.*, Case No. 1:22-cv-00051-RRB, Docket 1 at 4; *Clarke v. Barnhardt*, Case No. 1:22-cv-00053-RRB, Case No. 1:22-cv-00053-RRB, Docket 1-1 at 1; *Clarke v. Gerradi, et al.*, Case No. 1:22-cv-00056-RRB, Docket 1 at 4 ("Please refer to attached civil dockets[.]  Be advised there were other[s] filed that I have not received case numbers for[.]"), Docket 1-1 (handwritten list of cases filed); *Clarke v. Glory Hall*, Case No. 4:22-cv-00012-RRB, Docket 4 at 3 & Docket 6 at 1; *Clarke v. O'Neal*, Case No. 1:22-cv-00066-RRB, Docket 1 at 4; *Clarke v. Hill View Apartments, et al.*, Case No. 1:22-cv-00067-RRB, Docket 1 at 4; *Clarke v. Chan*, Case No. 1:22-cv-00068-RRB, Docket 1 at 4; *Clarke v. Dolan*, Case No. 1:22-cv-00069-RRB, Docket 1 at 3–4; *Clarke v. Verman*, Case No. 1:22-cv-00070-RRB, Docket 1 at 3–4; *Clarke v. Kohlhase, et al.*, Case No. 1:22-cv-00071-RRB, Docket 1 at 4; *Clarke v. Choate, et al.*, Case No. 1:22-cv-000723-RRB, Docket 1 at 4; *Clarke v. Kahkalen*, Case No. 1:22-cv-00073-RRB, Docket 1 at 4; *Clarke v. Roberts, et al.*, Case No. 1:22-cv-00074-RRB, Docket 1 at 4; *Clarke v. Williams*, Case No. 1:22-cv-00075-RRB, Docket 1 at 4; *Clarke v. Cox, et al.*, Case No. 1:22-cv-00076-RRB, Docket 1 at 4; *Clarke v. White*, Case No. 1:22-cv-00077-RRB, Docket 1 at 3–4; *Clarke v. Levine*, Case No. 1:22-cv-00078-RRB, Docket 1 at 3–4; *Clarke v. O'Reilly*, 1:22-cv-00079-RRB, Docket 1 at 4; *Clarke v. O'Donnell*, Case No. 1:22-cv-0080-RRB, Docket 1 at 4; *Clarke v. Wagner*, Case No. 1:22-cv-00081-RRB, Docket 1 at 3–4; *Clarke v. Goodman, et al.*, Case No. 1:22-cv-00082-RRB, Docket 1 at 3–4.

[53] *Clarke v. Velshi*, Case No. 3:22-cv-00100-RRB, Docket 1 at 4 ("Refer to Wolf Blitzers! Or other lawsuits"); *Clarke v. Glory Hall*, Case No. 4:22-cv-00012-RRB, Docket 1 at 4 & Docket 6 at 4.

has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him.

Factual allegations may not be speculative but must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[54]  While a complaint need not contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[55]  A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[56]  A complaint that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet the required pleading standard.

Mr. Clarke's myriad complaints allege a broad global, technology and internet-based conspiracy with millions of victims and participants.  All of the complaints lack sufficient plausible facts to state a claim.  While Mr. Clarke clearly articulates what he believes is occurring to him and millions of others, most often the complaints lack a specificity of how any singular defendant took an action that resulted in harm to Mr. Clarke.  In instances where Mr. Clarke names a date and time, or range of dates, the additional supporting details provided are mere naked

---

[54] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[55] *Id.*

[56] *Id.* (internal citations and quotations omitted).

assertions.[57]  Lastly, even where Mr. Clarke alleges a specific action taken by a defendant, the specific allegations remain embedded within a broadly unadorned set of naked assertions that lacks sufficient plausible details to support his theory.[58]

Furthermore, Mr. Clarke attempts to litigate under provisions of American law that do not provide private causes actions for civil suits.  The First through Tenth Amendments of the United States Constitution articulate the individual rights of American citizens in relation to the government and requires a direct adverse action by the government.[59]  Comparatively, the Eleventh Amendment prohibits federal courts from hearing certain types of lawsuits against states;[60] and the Twelfth Amendment articulates the process for electing the President and Vice-

---

[57] *See as selected example Clarke v. White*, Case No. 1:22-cv-00077-RRB, Docket 1 at 4 ("On 6/15/22 at approx. 12:30 medical equip. Hacking, assaults, forced in sex film and trafficked!  Refer to all civil dockets and motions Clarke versus[.]").

[58] *See as selected example Clarke v. Burnett*, Case No. 1:22-cv-00043-RRB, Docket 1 at 4 ("Since approx. May 2011 and continuous by illegal wiretapping and hacking into surgically implanted body cam to steal intellectual[sic] property plus her being a part of forcing me in child porn, illegal porn with her and her children, also continuous attempted murder of people she paid and CNN to inflict harm and dist. Property even today with Apple 4-27-22[,] 24 hours a day!").

[59] *The Bill of Rights:  What Does it Say? America's Founding Documents*, THE NATIONAL ARCHIVES, at https://www.archives.gov/founding-docs/bill-of-rights/what-does-it-say (last accessed July 25, 2022); *see also* U.S. CONST. amends. I & V.

[60] U.S. CONST. amend XI; *see also* Bradford R. Clark and Vicki C. Jackson, *Common Interpretation: The Eleventh Amendment*, NATIONAL CONSTITUTION CENTER, https://constitutioncenter.org/interactive-constitution/interpretation/amendment-xi/interps/133 (last accessed July 25, 2022).

President of the United States.[61]  Additionally, Title 18 of the United States Code is the primary criminal code of federal government comprised of criminal laws passed by the United States Congress.  These laws are enforced by the Executive Branch, though investigative agencies and the U.S. Department of Justice.  A private individual may not sue for damages or instigate a criminal prosecution under federal criminal laws.[62]  Lastly, an Executive Order from the President of the United States directs a federal agency to take or refrain from a course of action.  The laws Mr. Clarke relies upon to make his claims do not provide a private cause of action for this Court to grant him relief in any of his actions.

Mr. Clarke fails to allege sufficient plausible facts that if proven true would state a claim on which relief may be granted.  Accordingly, Mr. Clarke's complaints must be dismissed.

## III.  **Frivolousness**

In accordance with federal law, a court must dismiss a case "at any time if the court determines that the action or appeal is frivolous or malicious."[63]  The term frivolous, or frivolous as a matter of law, is a legal term.  It means that a case or

---

[61] U.S. CONST. amend. XII (superseding a portion of U.S. CONST. Art. 1 § 1 and later superseded in part by U.S. CONST. amend. XX § 3).

[62] *See* Title 18, United States Code; *but see* 18 U.S.C. § 1964(c)).

[63] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

complaint "lacks an arguable basis in either in law or in fact."[64]  When a court evaluates whether a complaint is frivolous, it must "pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or delusional."[65]  Additionally, a complaint may be frivolous if it merely repeats pending or previously litigated claims."[66]

Mr. Clarke presents the Court with a theory of far-reaching conspiracy with the possibility of almost limitless numbers of victims and defendants.  As explained above and as a threshold matter, Mr. Clarke's allegations cannot state a viable civil legal claim; therefore, they do not have an arguable basis in law.  Additionally, the Court finds that Mr. Clarke's claims do not have an arguable basis in fact.  The 93 complaints and accompanying exhibits before the Court illustrate a vivid, but incredible narrative of international cybercrime that envelops members of Mr. Clarke's local Juneau community all the way to the farthest heights of government and celebrity.  The defendants named through the pleadings, in and of themselves, demonstrate the fantastical nature of these suits.  Moreover, the core viable fact— that Mr. Clarke's frequency #10367 is traceable and trackable—lacks support in the pleadings and general substantiation.  The Court takes judicial notice that internet searches for "frequency #10367," "#10367 Clarke," "10367 broadcast,"

---

[64] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[65] *Neitzke*, 490 U.S. at 327–28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[66] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

and "10367 stream" do not return results related to this litigation or to videos, channels, or any media or content that supports Mr. Clarke's claims.[67]

The Court finds Mr. Clarke's 93 actions lack an arguable basis in law or fact and are frivolous suits. Therefore, these actions must be dismissed.

## IV. Futility of Amendment

"It is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after 'repeated opportunities.'"[68] In this instance, while Mr. Clarke has not had the opportunity to amend his complaints, he has had 93 opportunities to plead his case. Furthermore, "[a] district court may deny leave to amend when amendment would be futile."[69] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[70] Here, no additional facts or defendants would remedy the lack of arguable basis in either fact or law of Mr. Clarke's claims and suits. Therefore, amendment is futile.

---

[67] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); Fed. R. Evid. 201.

[68] *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011); *citing Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993); *quoting Semegen v. Weidner,* 780 F.2d 727, 730–31 (9th Cir. 1985).

[69] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013).

[70] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## V.    <u>Vexatious Litigant Warning</u>

A federal district court, in extraordinary and unique circumstances, may label a litigant as vexatious.   A vexatious litigant is an individual who files frivolous, malicious, harassing, or duplicative lawsuits that expend and waste valuable judicial resources.  As the Ninth Circuit Court of Appeals has made clear:  "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[71]   Mr. Clarke's onslaught of meritless civil suits indicates that this Court may need to take further action to curtail any further or future unnecessary taxation on judicial time and resources.

A Court may take two primary courses of action when faced with a problem litigant.  First, a federal district court may take action under Rule 11 of the Federal Rules of Civil Procedure.   Under Rule 11, when a party, even one who is self-represented, presents a pleading to the court they must certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the claims, defenses, and other legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."[72]  If the Court suspects a violation of Rule 11, the Court

---

[71] *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

[72] Fed. R. Civ. P. 11(b)(2–3).

may order a party to show cause as to their conduct. If a violation of Rule 11 is found, the Court may issue monetary penalties or nonmonetary directives as sanctions.[73]

Second, the All Writs Act provides federal courts with the inherent power to enter pre-filing orders against vexatious litigants.[74] A pre-filing order requires a litigant's pleadings to be reviewed by a judicial officer for either acceptance or rejection by the court. A pre-filing order is an extraordinary remedy that should be deployed only after careful consideration and rarely used, because it restricts a litigant's fundamental right to access the courts.[75] Nevertheless, a court may enter a pre-filing order after: (1) giving a litigant notice and an opportunity to respond and oppose; (2) compiling an adequate record for review, including a list of all the pleadings or motions that led to the conclusion the litigant is vexatious; (3) making substantive findings of frivolousness or harassment; and (4) tailoring the order narrowly to the litigant and the specific problems at hand.[76]

The Court cautions Mr. Clarke that continued litigation in this manner may trigger significant penalties that could result in monetary penalties or constitutional

---

[73] Fed. R. Civ. P. 11(b)(4).

[74] 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

[75] *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061–62 (9th Cir. 2014).

[76] *Id.* at 1062.

consequences.  In other words, if Plaintiff continues to file suits of this nature, it is likely that Plaintiff may be precluded from fully accessing the court in the future.

**IT IS THEREFORE ORDERED:**

1.    All of the above-captioned cases are **DISMISSED WITH PREJUDICE**, except *Clarke v. Barnhardt*, Case No. 1:22-cv-00053-RRB, which, out of an abundance of caution, the Court **DISMISSES WITHOUT PREJUDICE**, in the event Mr. Clarke needs to raise a merit-based appeal for Social Security benefits.

2.    All pending motions are **DENIED AS MOOT**.

3.    A final judgment shall issue in all above-captioned cases.

DATED this 28th day of July, 2022, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge